# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOSEPH FLEMING, AS NEXT FRIEND
OF TERRY DOUG CLARK,
    Petitioner,

    vs.                                          No. Civ. 01-1251 LH/RLP

TIM LEMASTER, Warden of New Mexico
State Penitentiary, and PATRICIA MADRID,
New Mexico Attorney General,

    Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Emergency Motion for Appointment of Counsel Pursuant to *McFarland v. Scott*, and Emergency Motion for Stay of Execution, filed November 2, 2001. The Court, having considered the Motions, Petitioner's memorandum, and the applicable law and otherwise being fully advised, finds that the Motions are not well taken and will be **denied**.

Joseph Fleming moves the Court immediately to appoint counsel, schedule an evidentiary hearing on the next friend status issue, and stay Mr. Clark's execution scheduled for Tuesday, November 6, 2001. The Court interprets Mr. Fleming's Motion as seeking to establish standing in order to bring a subsequent habeas corpus application on behalf of Mr. Clark.

Next friend standing is not automatically granted. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). As the Supreme Court has explained, "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a

'next friend' must have some significant relationship with the real party in interest." *Id.* at 163-64 (internal quotations and citations omitted). These requirements are in recognition that the writ of habeas corpus should not "be availed of, as a matter of course, by intruders or uninvited meddlers, styling themselves next friends." *Id.* at 164. The next friend bears the burden "to clearly establish the propriety of his status." *Id.*

In his Affidavit in Support of Next Friend Petition, Mr. Fleming states that he knew who Mr. Clark was in high school, though they attended different schools, and first made acquaintance with him after 1979 through his sister's husband, who knew Mr. Clark well. Additionally, between 1981 and 1982, Mr. Fleming was married to a woman to whom Mr. Clark was a "step-uncle." During this period, Mr. Fleming and Mr. Clark went out to bars and socialized together with other friends. After 1982, however, Mr. Fleming lost touch with Mr. Clark. Around Christmas of last year Mr. Fleming wrote a card to Mr. Clark and they began a correspondence. Mr. Fleming attended a court proceeding involving Mr. Clark this past summer, but was not allowed to speak with him.

The Court finds that Mr. Fleming has not clearly established his right to status as next friend of Mr. Clark. His association with Mr. Clark is attenuated, at best, and the Court cannot find that theirs is a significant relationship. In fact, Mr. Fleming appears to be nothing more than an intruder or uninvited meddler. *See id.* Additionally, Mr. Clark has informed the Court through his lawyer that he does not want to be transported for a hearing in this matter. (*See* Letter from Evans to Judge Hansen of 11/2/01, attached as an addendum to this order.) The Court is unable to conclude that Mr. Fleming is truly dedicated to the best interests of Mr. Clark. *See Whitmore*, 495 U.S. at 163. Therefore the Court will dismiss this matter for lack of jurisdiction. *See id.* at 164.

**IT IS HEREBY ORDERED** that the Emergency Motion for Appointment of Counsel Pursuant to *McFarland v. Scott*, and Emergency Motion for Stay of Execution, filed November 2,

2001 is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

_____
**UNITED STATES DISTRICT JUDGE**